UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| STANLEY WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 07-356-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| BUREAU OF PRISONS, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for screening of Plaintiff Stanley Williams' *pro se* civil rights complaint. *See* 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). Williams is currently confined in the United States Penitentiary in Marion, Ohio. He has filed this civil rights action complaining of the medical care he received for an asthma condition when he was housed in the United States Penitentiary-McCreary ("USP-McCreary"), in Pine Knot, Kentucky. He has also filed a motion to proceed *in forma pauperis* which will be granted by separate Order.

As Williams is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in the petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, the Court may dismiss the petition at any time, or make any such disposition as law

and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

## I.      Jurisdiction and Defendants

Williams claims that the Defendants acted negligently and violated his constitutional right to be free from cruel and unusual punishment by failing to adequately dispense medical care to him at USP-McCreary.  With respect to the negligence claim, he claims that this Court has jurisdiction pursuant to the Federal Tort Claims Act ("FTCA"), Title 28 U.S.C. §§1346(b), 2671-2680.  For the constitutional claim, he asserts jurisdiction under 28 U.S.C. § 1331 and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

Williams names the following Defendants in his Complaint: (1) the BOP; (2) USP-McCreary Hospital Administrator Ms. L. Gregory; (3) USP-McCreary Registered Nurse Barnatt; and (4) USP-McCreary Lieutenant Blair.  Williams also states that he will name others as Defendants as they are made known to him.

## II.     The Complaint

Williams' Complaint is a self-styled, typewritten pleading of ten pages, accompanied by numerous documents exchanged in the Bureau of Prison's ("BOP") administrative process and the FTCA's administrative process. [Record No. 2]  The following is a summary of the allegations contained in these materials:

Williams claims that he has "asthma, a serious life threatening medical condition." He asserts that he and the Defendants knew that "if the Plaintiff suffered certain symptoms, namely shortness of breath, wheezing and dizziness[, . . .] immediate and specialized treatment would

be required to prevent suffering, serious injury and death." Williams alleges that he suffered from shortness of breath and related symptoms on February 26, 2006, but was refused treatment by Nurse Barnatt. He further claims that he returned to the medical department two more times on February 27th and Nurse Barnatt again refused to treat him each time. According to Williams, she told him that he looked "okay" and "would be alright." Williams claims that he then went to Defendant Blair, but Blair would not allow him access to the medical facility because it was raining.

Williams asserts that Nurse Barnatt refused to treat him again on February 28, and that she told him that Defendant Gregory had instructed her not to give breathing treatment to him and he should take it up with her. When Williams approached Gregory, she allegedly told him that "he looked fine to her," and Williams returned to the medical department where he was again denied assistance. That night, Williams was permitted to return to the facility, where a physician's assistant named Taylor administered two "breathing treatments" and told him that she would instruct Nurse Barnatt to give another one in the morning.

Early the next morning, at approximately 3:30a.m. on March 1, 2006, Williams alleges that he had been so weakened by the days of difficult breathing that he asked for emergency assistance. He claims that he waited for hours because Defendant Gregory refused to let him use a wheelchair to get to the medical facility and that two guards eventually carried him to the facility. Williams states that Defendant Gregory laughed at him and told him to "stop faking." Upon another nurse taking his vital signs, however, Williams was admitted to Lake Cumberland Regional Hospital's Emergency Room.

As a result of the Defendants' alleged refusal to treat him, Willaims claims that he became unconscious for a period of three days and was hospitalized for a total of five days. Further, "doctors and staff at the hospital attributed the Plaintiff's suffering to inadequate, lack and delay of treatment." [Record No. 2 at 8]  Williams contends that the denial of proper treatment during the February 26 - March 1, 2006 time period has caused his asthmatic condition to become worse.

The administrative documents attached to the Complaint reveal a different set of facts concerning the BOP's treatment of Williams, as well as a different conclusion.  The BOP claims that Williams received "a medicated nebulizer breathing treatment" on February 27th, two such treatments on the evening of February 28th, and two more on March 1st.  The BOP concludes that "[a]s a result of not responding to the medication satisfactorily, . . . you were transported to the local hospital for further treatment to include hospitalization." [*See* Record No. 2, Att. dated April 18, 2006.]  Further, the BOP claims that the treatment of Williams was appropriate at all times because he was evaluated each time he complained of a breathing problem and "[a] patient's degree of response can't necessarily be predicted" [Record No. 2, Att. dated Oct. 10, 2006]

### III.   Discussion

Williams seeks substantial damages from the Defendants, including the BOP.  However, the BOP is an agency of the United States, and any lawsuit against an agency of the United States is, in essence, a suit against the United States.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  The United States and its agencies are immune from suit under the civil rights

statutes upon which the plaintiff relies. *See Savage v. United States*, 450 F.2d 449, 451 (8th Cir. 1971) (42 U.S.C. § 1983), *cert. denied*, 405 U.S. 1043 (1972); *Smallwood v. United States*, 358 F.Supp. 398 (E.D. Mo.) (42 U.S.C. § 1985), *aff'd*, 486 F.2d 1407 (8th Cir. 1971). Therefore, because the BOP is an agency of the United States, the Court does not have subject matter jurisdiction over the Plaintiff's constitutional tort or civil rights claims against the BOP, and the BOP must be dismissed as a Defendant.

Similarly, when damages are sought from federal employees in their official capacities, the damages are essentially sought from the United States. *Myers & Myers, Inc. v. United States Postal Serv.*, 527 F.2d 1252, 1256 (2d Cir. 1975); *Morris v. United States*, 521 F.2d 872, 874-75 (9th Cir. 1975). Therefore, William's constitutional claims against the remaining Defendants in their official capacities for money damages under § 1331 and the Constitution are barred by the doctrine of sovereign immunity. *Garcia v. United States*, 666 F.2d 960 (5th Cir. 1982), *cert. denied*, 459 U.S. 832.

However, under the Supreme Court's decision in *Davis v. Passman*, 442 U.S. 228 (1979), this Court has jurisdiction pursuant to 28 U.S.C. § 1331 over claims against individual federal officers for damages in their individual capacities, so long as the alleged conduct rises to the level of a constitutional violation. With regard to an allegation of inadequate medical care, the Supreme Court requires that "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to the plaintiff's serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference may be "manifested by prison doctors in their

response to a prisoner's needs or by prison [staff] in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104.

In the present case, Williams has claimed that deliberate indifference was exhibited to a serious medical need. He has also demonstrated that he satisfied the requirements that his claims be exhausted through the BOP's administrative remedies to the national level. *See* 28 C.F.R. §§ 542.10-.19; 42 U.S.C. § 1997e. Therefore, the Court will direct that summons issue for the three individuals to respond to the Constitutional claims against them.

In addition, Williams has alleged negligence claims against the individual Defendants under the FTCA. Based on the documents attached to his Complaint, it appears that he has also administratively exhausted his FTCA claims. *See* 28 U.S.C. § 2675(a); 28 C.F.R. § 543.30 *et seq.*; *Tinker-Bey v. Meyers*, 800 F.2d 710 (7th Cir. 1986). However, the law is clear that FTCA claims can only be brought against the United States. *See* 28 U.S.C. §§ 1346(b), 2401(b), 2679(a); *Allgeier v. United States*, 909 F.2d 869 (6th Cir. 1990). Accordingly, because Williams is appearing *pro se*, the Court will construe his claim as one against the United States and will add the United States as a party.

Being sufficiently advised, it is hereby

**ORDERED** as follows:

(1)     The Clerk of the Court is directed to add the United States as a named Defendant in this action.

  (2) Plaintiff Stanley Williams' claims against the Bureau of Prisons are **DISMISSED,** with prejudice.  Additionally, the Plaintiff's Eighth Amendment claims against Defendants L. Gregory, Blair and Barnatt, in their official capacities, are **DISMISSED**, with prejudice.

  (3) The Clerk of the Court is **DIRECTED** to prepare and issue summons for L.Gregory, Nurse Barnatt, and Lieutenant Blair, the United States Attorney General, and the United States Attorney for the Eastern District of Kentucky.

  (4) The Clerk of the Court shall also prepare as many copies of the complaint as there are summonses and any required USM Forms 285.  If insufficient information exists to sufficiently or effectively complete any summons or USM Form 285 regarding any Defendant, the Clerk shall promptly make a clerk's entry on the docket stating why the Clerk cannot fill out the summons or USM Form 285 or any other documents necessary to effectuate service.

  (5) After the Clerk's office has prepared the summonses, USM Forms 285, complaint copies, copies of this Order, and/or any other documents necessary to effectuate service, a Deputy Clerk shall forward these documents, by certified mail, to the United States Marshal's office in Lexington, Kentucky.

  (6) The Clerk of the Court is further **DIRECTED** to enter any certified mail receipts into the record of this action.

  (7) The United States Marshal shall serve a summons, copy of the complaint, and copy of this Order on each Defendant for whom a summons has been prepared and shall serve copies of the documents on the United States Attorney General in Washington, D.C. and on the

United States Attorney for the Eastern District of Kentucky, all service to be made by certified mail, return receipt requested.

(8) The United States Marshal shall make a return report to the Court of whether the summons is executed or is still unexecuted within thirty (30) days of the date of entry of this Order.

(9) The Respondents, by counsel, shall answer or otherwise defend within thirty (30) days of the date of entry of this Order. Respondents shall also file with the answer all relevant documentary evidence which bears upon the allegations contained in the petition.

(10) The Plaintiff is **DIRECTED** to keep the Clerk of the Court informed of his current mailing address. Failure to notify the Clerk of any address change may result in a dismissal of this case.

(11) For every future pleading or other document the Plaintiff wishes to submit for consideration by the court, he shall serve upon each Defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. The Plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each Defendant or counsel. If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.

This 6th day of November, 2007.



Signed By:
*Danny C. Reeves* DCR
United States District Judge