UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| STANLEY WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 07-356-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| L. GREGORY, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the Defendants' motion to dismiss or, in the alternative, for summary judgment. [Record No. 17] Because the Court concludes that Plaintiff Stanley Williams' claims under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), are barred by the one-year statute of limitations, the motion will be granted, in part. However, the motion will be denied with respect to Williams' claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680.

## I.      Background

In his Complaint filed on October 15, 2007, Williams alleges that the Defendants acted negligently and violated his constitutional rights by failing to adequately dispense medical care to him at the United States Penitentiary-McCreary ("USP-McCreary") in Pine Knot, Kentucky. He asserts that this Court has jurisdiction pursuant to the Federal Tort Claims Act ("FTCA"), Title 28 U.S.C. §§1346(b), 2671-2680, and under 28 U.S.C. § 1331 and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

-1-

On November 7, 2007, the Court dismissed Williams' claims against the Bureau of Prisons and also the claims asserted against Defendants L. Gregory, Nurse Barnatt, and Lieutenant Blair, in their official capacities. The Court also added the United States as the proper defendant for the FTCA claim and directed that service be effected on the remaining Defendants. [*See* Record No. 5]

On February 12, 2008, the Defendants filed the motion to dismiss that is currently pending before the Court. They contend that: (1) they have not been properly served; (2) the *Bivens* claims are barred by Kentucky's one-year statute of limitations; (3) they are entitled to qualified immunity on the *Bivens* claims; (4) Williams' claims should be denied because he received proper treatment; and (5) Williams' has failed to state a cognizable claim under the FTCA under Kentucky law.

In response, Williams contends that, to the extent service was deficient, he is proceeding under 28 U.S.C. § 1915 and, therefore, he is entitled to rely on the United States Marshals' Service to effectuate service. He further asserts that his claims under *Bivens* are not time-barred because the statute of limitations is tolled during the administrative remedy process. Finally, Williams contends that he did not receive proper treatment and can more fully develop his claims under the FTCA through discovery.

## II.    Standard of Review

The Defendants' motion to dismiss is brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure which allows a defendant to move for dismissal of all or part of a complaint if it fails to state a claim upon which relief may be granted. When analyzing the

sufficiency of a complaint, the Court applies the principle that a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).   A plaintiff is not required to provide "heightened fact pleading of specifics," but must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1965, 1974.  Additionally, all of a plaintiff's factual allegations must be taken as true in considering a motion to dismiss.  *Ricco v. Potter*, 377 F.3d 599, 603 (6th Cir. 2004).

However, where, as here, a motion to dismiss references matters outside the pleadings, "the motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. Pro. 12(d) (2008).  Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party.

The party moving for summary judgment bears the burden of showing conclusively that no genuine issue of material fact exists.  *Keeneland Ass'n, Inc. v. Earnes*, 830 F. Supp. 974, 983 (E.D.Ky. 1993).  Once a moving party has met its burden of production, "'its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Keeneland Ass'n, Inc. v. Earnes*, 830 F. Supp. 974, 984 (E.D. Ky. 1993) (*citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)).  The nonmoving party cannot rely

-3-

upon the assertions in its pleadings; rather that party must come forward with probative evidence, such as sworn affidavits to support its claims. *Celotex*, 477 U.S. at 324.

In reviewing a party's motion for summary judgment, all evidence must be viewed in the light most favorable to the non-moving party, and summary judgment is appropriate whenever that non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Ultimately, the standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (*quoting Anderson*, 477 U.S. at 251-52.).

## III.  ANALYSIS

### A.  Failure to Serve the Defendants

The Defendants contend that this action should be dismissed because certain Defendants have not been properly served with the meaning of Rule 4 of the Federal Rules of Civil Procedure. However, Williams contends that, because he is proceeding pursuant to 28 U.S.C. § 1915(d), his claims should not be dismissed because it is the responsibility of the Clerk's office and the Office of the United States Marshal ("USM") to effectuate service on the Defendants. This argument is well-taken.

Title 28 of the United States Code, Section 1915(d), provides that when a plaintiff is granted pauper status, "officers of the court shall issue and serve all process." Accordingly, the

failure to serve the Defendants in this case does not warrant dismissal of Williams' claims. Rather, the Court will issue a separate Order simultaneously with this Memorandum Opinion and Order directing the Clerk's office and the Office of the United States Marshal to effectuate service on the remaining Defendants.

### B.    Subject Matter Jurisdiction

The Defendants next contend that this Court lacks subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) because Williams' *Bivens* claims are barred by Kentucky's one-year statute of limitations.  The lack of subject matter jurisdiction may be asserted by either party or the court, *sua sponte*, at any time during the course of an action. *Clark v. Paul Gray, Inc.*, 306 U.S. 583 (1939).  Once challenged, the burden of establishing a federal court's subject matter jurisdiction rests on the party asserting jurisdiction. *Thomason v. Gaskill*, 315 U.S. 442, 62 S. Ct. 673, 86 L. Ed. 951 (1942).

The state statute of limitations for personal injuries governs claims under *Bivens*. *Owens v. Okure*, 488 U.S. 235, 239-40 (1998).  Federal courts sitting in Kentucky "borrow" Kentucky's one-year statute of limitations for personal injury claims, K.R.S. § 413.140(1).  Accordingly, because the claims against the Defendants in the present case are *Bivens* claims, this Court must adopt Kentucky's one-year statute of limitations.  However, the question of when civil rights claims accrue is one of federal law.  *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1107 (6th Cir. 1995); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984).  Under federal law, a claim accrues when the plaintiff knows, or has reason to know, of the injury which forms the basis for the action. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991);

*Bagley v. C.M.C. Real Estate Corp.,* 923 F.2d 758, 760 (9th Cir.1991); *Sevier*, 742 F.2d at 273 ("A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence.").

Here, Williams claims that he was denied proper medical care beginning on February 26, 2006, and leading to his hospitalization on March 1, 2006. Therefore, Williams' *Bivens* claims accrued and the statute of limitations period commenced running no later than March 1, 2006, when Williams was taken to the hospital for care. Ordinary application of Kentucky's statute of limitations would bar Williams' claims if not brought in a complaint filed on or before March 1, 2007. Under *Houston v. Lack*, 487 U.S. 266, 270 (1988), a prisoner's complaint is deemed filed on the date it is delivered to prison authorities for mailing.

After briefing the issue, the parties now agree that Williams signed and delivered his Complaint to prison authorities for mailing on October 11, 2007. Thus, the filing date for this Plaintiff's Complaint is October 11, 2007, 17 months after Kentucky's limitations period began to run. However, federal law unambiguously requires a prisoner to exhaust all available administrative remedies as a prerequisite to filing a lawsuit with respect to prison conditions. In particular, 42 U.S.C. § 1997(e) provides that,

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (2000). And because prisoners cannot bring suit in federal court until they have exhausted their administrative remedies, the running of the applicable statute of limitations

is tolled for the period during which a prisoner is exhausting "such administrative remedies as are available." *Brown v. Morgan,* 209 F.3d 595, 596 (6th Cir. 2000).

The administrative remedies available to inmates confined in Bureau of Prisons institutions are set out in the 4-tiered Administrative Remedy Program, found at 28 C.F.R. §§ 542.10-.19 (1998). Section 542.13(a) demands that within 20 days of the date that the basis for complaint or request arises, an inmate must informally present his complaint to the staff. If the inmate cannot informally resolve his complaint, then he may file a formal written request (a BP-9 form) to the Warden, in conformity with Section 542.14. If the BOP inmate is not satisfied with the Warden's response, he has two opportunities to have the issue addressed outside the prison. He may appeal (a BP-10) to the BOP's Regional Director, and, if not satisfied with the Regional Director's response, the inmate may appeal (BP-11) to the Office of General Counsel. *See* Section 542.15 (a) - (b).

The BOP's administrative procedures include established response times. 28 C.F.R. § 542.18. As soon as an appeal is accepted and filed, the Warden has 20 days to respond; the Regional Director, 30 days to respond; and General Counsel, 40 days to respond. Only one extension of time of 20-30 days, in writing, is permitted to the agency. With regard to the time involved, the administrative scheme also provides, "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *Id*.

Here, Williams states that he invoked the BOP's administrative remedy process on March 8, 2006, two days after returning from the hospital, and he filed his last administrative document

-7-

on July 3, 2007.  Thus, he claims, the statute was tolled from March 8, 2006 to July 3, 2007, and his filing only three months later, on October 11, 2007, was timely.  In contrast, the Defendants contend that he began the administrative process with his presentment of a BP-9 to the Warden on April 4, 2006, and the process ended with the BOP's final denial, dated October 10, 2006.  However, the initial administrative document signed by Williams complaining of his medical care indicates that it was prepared on March 29, 2006.

Under these facts, the Court has three possible start dates for the beginning of the tolling period.  There is no evidence in the record that Williams began the administrative process on March 8, 2006, as he contends.  The administrative remedy documents which he has attached to his Complaint, however, constitute evidence as to the other two possible start dates for the tolling.  The earliest date, March 29, 2006, appears on an administrative document signed by Williams, complaining of the medical issues.  Additionally, April 4, 2006, appears on the Warden's BP-9 response as the date on which Williams' BP-9 arrived at his desk.

With respect to the end date of the tolling period, there is no evidence to support Williams' contention that he did not finish the BOP administrative process and thereby end the tolling period until July 3, 2007, 16 months after he began it.  Nor does the structure of the BOP administrative remedy process lend support to such a long tolling period, as the process described above sets out response times in days and the framework dictates total exhaustion of all four levels in a matter of several months, not a period of over a year.  Indeed, the Plaintiff's own evidence attached to his Complaint contains the BOP's acknowledgment of receipt of his BP-11, the final step in the appeal process, and its response thereto, which is dated October 10,

2006.  At that time, the tolling of the statute of limitations ended and the statute began to run again.

Applying a tolling period from March 29, 2006 to October 10, 2007, the Court finds Williams' Complaint was filed on October 11, 2007, more than one year after his cause of action accrued on March 1, 2006.  Even if the Court assumes the truth of the Plaintiff's assertion that he began the administrative process on March 8, 2006, only 7 days after his claim accrued, those seven days plus the one year and one day from his final denial until his ultimate filing herein, *i.e.*, from October 10, 2006, to October 11, 2007, render his filing beyond Kentucky's one-year statute of limitations.  Accordingly, those claims are barred and must be dismissed.

However, the Court concludes that the FTCA claims were filed in a timely manner because the FTCA imposes its own statute of limitations, which is for a longer period of time.  Title 28 of the United States Code, Section 2401, provides in pertinent part as follows:

> (a)      [E]very civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues . . . .
>
> (b)      A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

Therefore, Williams' claims under the FTCA are not barred and may proceed against the United States.

Moreover, in light of Williams' Response, his desire for discovery, and his plan to obtain medical testimony, the Court is not inclined to dismiss the FTCA claim against the United States

at this time.  With regard to the FTCA claim, dismissal at this stage without the Defendant being properly before the Court would be inappropriate.  Rather, the Court will issue a separate Order for service of process to be made by the USM, and await the United States' response to the Complaint.

The Court also takes this opportunity to note that, although discovery may not proceed until the Court issues an Order setting out a discovery schedule, the Plaintiff would be well-advised to use this time to locate a source for needed medical evidence to support a negligence claim as defined by Kentucky law, *e.g.*, the standard of care, any breach thereof, and the deleterious effect of the breach and/or the delay in treatment on him and his asthma condition.

### IV.    Conclusion

For the reasons discussed above, it is hereby

**ORDERED** as follows:

(1)    The Defendants' motion [Record No. 17] is **GRANTED** with respect to the *Bivens* claims asserted against Defendants L. Gregory, Lieutenant Blair, and Nurse Barnatt, in their individual capacities.  Such claims are **DISMISSED**, with prejudice.

(2)    The Defendants' motion [Record No. 17] is **DENIED** without prejudice with respect to the FTCA claims asserted against the United States.

This 28th day of May, 2008.



Signed By:

*Danny C. Reeves*

**United States District Judge**

-10-