UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| STANLEY WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 07-356-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| BUREAU OF PRISONS, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On May 28, 2008, the Court dismissed certain claims in this action but allowed the Plaintiff's medical negligence claim to proceed under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. [Record No. 26] The matter is now pending for consideration of Defendant United States' motion for summary judgment with respect to the remaining claim. [Record No. 48] After reviewing the relevant materials, the Court concludes that the Plaintiff has failed to offer proof that, during the period in issue, his medical providers failed to adhere to the standard of care of a reasonably prudent practitioner in the relevant medical field of practice. As a result, the Defendant's motion for summary judgment will be granted and this action will be dismissed, with prejudice.

**I.   Relevant Facts**

At times relevant to this action, Plaintiff Stanley Williams was incarcerated at the United States Penitentiary located in McCreary County, Kentucky ("USP-McCreary"). During the period February 27, 2006, through March 1, 2006, Williams was treated for chronic asthma by

medical personnel at USP-McCreary. Details concerning this treatment are outlined in the affidavit of Dr. Richard Ramirez[1], filed in support of the Defendant's motion for summary judgment. [Record No. 48-4] The medical records reviewed by Dr. Ramirez indicate that, prior to February 27, 2006, Williams used a hand-held nebulizer to treat his asthma, as needed.

On February 27, 2006, Williams reported to the clinic complaining of breathing problems. His vital signs were taken and respiratory rate and oxygen intake were measured. Based on Williams' subjective complaints and the examinations performed on those dates, clinicians administered medicated nebulizer treatments which improved his peak breathing flow to an acceptable, normal level. Williams requested, but was denied, a second breathing treatment on the morning of February 28, 2006, because his lungs were clear and his breathing was at an acceptable level. However, two treatments were administered that evening .

On March 1, 2006, Williams suffered another asthmatic attack. And while Albuterol treatments were administered, they did not improve his breathing to a satisfactory level. As a result, Williams was transported to an outside hospital for additional medical care and treatment. Williams was returned to USP-McCreary after his condition stabilized.

As outlined in Dr. Ramirez affidavit, asthma is chronic in nature. Those suffering from the condition are treated on a case-by-case basis. Dr. Ramirez states that, in the present case, Williams was given proper treatment at times when treatment was merited. More specifically,

> 6.     . . . all of the steps taken by USP McCreary medical staff in treating Plaintiff's medical complaints during the relevant time period of February 27, 28, and March 1, 2006, were the medically-appropriate actions by the medical staff who examined Plaintiff. . . . The proper examinations or diagnostic tests were

---

[1] Dr. Ramirez is the Acting Clinical Director.

> used on Plaintiff, and given the findings of his breathing levels, staff properly administered medicated Albuterol nebulizer breathing treatments to Plaintiff, or declined to administer breathing treatment when his lungs were clear and breathing level was acceptable.
>
> 7.   Plaintiff's vitals were taken and administered and his breathing/oxygen levels were measured when he was examined . . . [W]hen . . . treatments were not effective, Plaintiff was appropriately sent to an outside hospital for more elaborate treatment.
>
> 8.   The medical evidence shows Plaintiff did not suffer any harm from the care administered to him by USP McCreary staff during the [relevant] period.

[Record No. 48-4]  Based upon his review of medical records and his training and experience, Dr. Ramirez concludes that the medical care Williams received at USP-McCreary was consistent with the care of a reasonable medical practioner. [*Id.*, at ¶ 2]

## II.   Legal Analysis

The Defendant correctly argues that, under the FTCA, a plaintiff may recover a monetary award from the United States for injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope . . . of employment." 28 U.S.C. § 1346(b).  Kentucky tort law is relevant in making the determination here because the government may be liable only if the conduct complained of amounts to negligence "in accordance with the law of the place where the act or omission occurred." *Id.*

Kentucky law provides that a plaintiff alleging medical malpractice or negligence must prove that a medical provider failed to adhere to the standard of care of a reasonably competent practitioner in the same field and that such failure proximately caused the plaintiff's injury. *Reams v. Stutler*, 642 S.W.2d 586, 588 (Ky. 1982).  Further, as a general matter, expert testimony is required to establish that a medical provider failed to conform his or her treatment

and/or conduct to the applicable standard of care and that such action actually caused the complained of injury or damage. *Johnson v. Vaughn*, 370 S.W.2d 591, 596-97 (Ky. 1963). Here, Williams has failed to offer any expert testimony to support his assertions of negligence. Conversely, through the affidavit of Dr. Ramirez, the Defendant has shown that the treatment provided to Williams through USP-McCreary medical personnel conformed to the applicable standard of care. Accordingly, summary judgment[2] is appropriate.

---

[2] As the Court explained previously,

> Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party.
>
> The party moving for summary judgment bears the burden of showing conclusively that no genuine issue of material fact exists. *Keeneland Ass'n, Inc. v. Earnes*, 830 F. Supp. 974, 983 (E.D.Ky. 1993). Once a moving party has met its burden of production, "'its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Keeneland Ass'n, Inc. v. Earnes*, 830 F. Supp. 974, 984 (E.D. Ky. 1993) (*citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)). The nonmoving party cannot rely upon the assertions in its pleadings; rather that party must come forward with probative evidence, such as sworn affidavits to support its claims. *Celotex*, 477 U.S. at 324.
>
> In reviewing a party's motion for summary judgment, all evidence must be viewed in the light most favorable to the non-moving party, and summary judgment is appropriate whenever that non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Ultimately, the standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (*quoting Anderson*, 477 U.S. at 251-52.).

[*See* Record No. 26, pp. 3-4.]

**III.     Conclusion**

Williams has not offered evidence to establish a claim for negligent medical care or treatment by personnel of USP-McCreary. However, the United States has demonstrated that the care and treatment provided by such personnel conformed to the applicable standard of care.

Accordingly, it is hereby

**ORDERED** that the United States' motion for summary judgment [Record No. 48] is **GRANTED**. It is further **ORDERED** that this action is **DISMISSED**, with prejudice, and **STRICKEN** from the Court's docket.

A separate Judgment will be entered this date.

This 16th day of July, 2009.

Signed By:
*Danny C. Reeves* DCR
United States District Judge